IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Robbie Collins, <br><br> Plaintiff, <br> v. <br><br> Captain Williams, *et. al.*, <br><br> Defendants. | Case No. 2:24-cv-5767-RMG <br><br><br> **ORDER AND OPINION** |

Before the Court is the Report and Recommendation (R&R) of the Magistrate Judge recommending that the Motion to Dismiss filed by Defendants Sgt. Sweetenburg and Sgt. Belton be granted in part and denied in part and the Motion to Dismiss filed by Defendants Major Spikes, Warden Jackson, Captain Williams, Ofc. Walters, and Bryan Stirling be granted. (Dkt. No. 43). Plaintiff objected to the R&R (Dkt. No. 45), and Defendants replied (Dkt. No. 46). For the reasons set forth below, the Court adopts the R&R as the Order of the Court.

**I.      Background**

Plaintiff brings this action alleging that defendant prison officials retaliated against him for his filing of lawsuits in violation of his rights under the First and Eighth Amendments. Specifically, Plaintiff cites the termination of his job as a dorm worker and denial of medical care and access to the law library and mailroom, refusal to fix his clogged toilet, and transfer from Lee Correctional Institution to Lieber Correctional Institution on October 23, 2024 as acts of retaliation. (*See generally* Dkt. No. 7). Major Spikes, Warden Shane Jackson, Captain Williams, Ofc. Walters, and Bryan Stirling filed a motion to dismiss on February 18, 2025. (Dkt. No. 20). Defendant Sgt. Richard Sweetenburg filed a motion to dismiss on March 4, 2025 (Dkt. No. 29). Defendant Sgt. Whitney Belton filed a motion to dismiss on March 7, 2025 (Dkt. No. 32).

1

## II.     Legal Standard

### A.  Review of R&R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B.  Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1980). However, while the

Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.  Discussion

The R&R recommends that Plaintiff's § 1983 First Amendment retaliation claims proceed against Sgt. Belton based on her allegedly firing him from his prison job, falsely charging Plaintiff with threatening to inflict harm on her, and ordering that he be placed in lock-up, and against Sgt. Sweetenburg for falsely charging Plaintiff with threatening to inflict harm on him. (Dkt. No. 43 at 22). The R&R recommends dismissal of Plaintiff's remaining claims against Sgt. Belton and Sgt. Sweetenburg as well as his claims against Defendants Major Spikes, Warden Shane Jackson, Captain Williams, Ofc. Walters, and Bryan Stirling. (*Id.*).

Plaintiff raises three objections to the R&R. First, "Plaintiff objects to the ruling Sgt. Belton wasn't responsible for my transfer," claiming that Sgt. Belton lied on a report that Plaintiff pulled a knife on her. (Dkt. No. 45 at 1). Defendants respond by highlighting that the R&R did not make this finding at all, and rather, noted that Plaintiff alleged in his Amended Complaint that classification headquarters—not Sgt. Belton—made the decision to transfer him. (Dkt. No. 46 at 1) (citing Dkt. No. 43 at 12); (*See also* Dkt. No. 7 at 4). Plaintiff's first objection is overruled.

Second, Plaintiff "objects to [Defendants Williams, Spikes, Jackson, Walters and Stirling] being dismissed and not liable." (Dkt. No. 45 at 2). Plaintiff explains that "under the supervisor liability doctrine plaintiff must show (1) that the supervisor had actual or constructive knowledge that her subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury (2) that the supervisor response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices (3) that there was an affirmative casual link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." (*Id.*). As aptly noted by the Magistrate Judge, Plaintiff did not allege any claims under a theory of supervisory liability in his Amended Complaint. (Dkt. No. 43 at 16). Plaintiff's second objection is overruled.

Plaintiff's third objection argues that Ofc. Walters should be held liable under the bystander liability doctrine because she "knew her fellow officer was violating my rights by keeping me locked in a cell for 3 days with no working toilet." (Dkt. No. 45 at 3). Plaintiff did not allege bystander liability in his Amended Complaint and such an allegation, even if true, would not constitute retaliation in violation of the First Amendment. Plaintiff's third objection is overruled.

## IV. Conclusion

In light of the foregoing, the R&R is **ADOPTED** as the Order of the Court. The motion to dismiss filed by Defendants Major Spikes, Warden Shane Jackson, Captain Williams, Ofc. Walters, and Bryan Stirling is **GRANTED** (Dkt. No. 20) and the motions to dismiss filed by Defendants Sgt. Belton and Sgt. Sweetenburg are **GRANTED IN PART AND DENIED IN PART** (Dkt. Nos. 29, 32).

**AND IT IS SO ORDERED.**

 

                  s/Richard Mark Gergel  
                  Richard Mark Gergel  
                  United States District Judge

May 30, 2025  
Charleston, South Carolina